UNITED STATES v. TIMOTHY FLETCHER

CRIMINAL NUMBER 15-10393-RGS

RESPONSE TO COUNSELS' COMMENTS
ON THE JURY INSTRUCTIONS AND VERDICT SLIP

July 22, 2018

With respect to counsels' requests and comments on the jury instructions and verdict slip, the court responds as follows.

## **Government's Requests**

An instruction on stipulations.

> This already appears on page 5 of the draft instructions.

An instruction on theories of possession as it applies to the drug counts.

> This already appears on page 17 of the draft instructions.

Clarifying sentence in the verdict slip as to Count 1.

> The verdict slip has been revised accordingly.

## **Defendant's Requests**

An instruction on the import of defendant's decision not to testify (page 3).

> The instruction will be given.

Permission to argue a comparison of reasonable doubt to certainty in human affairs.

> This is denied as this language is disfavored by the U.S. Supreme Court as is the requested instruction on moral certainty. However, I have inserted an instruction on page 3 defining proof beyond a reasonable doubt as the highest standard known to our legal system. Counsel may reference this language.

Deletion of the term "real possibility" from the reasonable doubt instruction.

The instruction will remain unchanged. The "real possibility" language is taken from the Federal Judicial Center's Pattern Instruction on reasonable about which Justice Ginsburg has said the following:

> The Federal Judicial Center has proposed a definition of reasonable doubt that is clear, straightforward, and accurate. That instruction reads:
>
> > "[T]he government has the burden of proving the defendant guilty beyond a reasonable doubt. Some of you may have served as jurors in civil cases, where you were told that it is only necessary to prove that a fact is more likely true than not true. In criminal cases, the government's proof must be more powerful than that. It must be beyond a reasonable doubt."
> >
> > "Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty." Federal Judicial Center, Pattern Criminal Jury Instructions, at 17–18 (instruction 21).
>
> This instruction plainly informs the jurors that the prosecution must prove its case by more than a mere preponderance of the evidence, yet not necessarily to an absolute certainty. The "firmly convinced" standard for conviction, repeated for emphasis, is further enhanced by the juxtaposed prescription that the jury must acquit if there is a "real possibility" that the defendant is innocent. This model instruction surpasses others I have seen in stating the reasonable doubt standard succinctly and comprehensibly.

*Victor v. Nebraska*, 511 U.S. 1, 26–27 (1994) (Ginsburg, J., concurring).

An instruction on the import of Brooke Cotell's testimony (page 11).

The instruction will be given.

An instruction on the import of the statement attributed to Mr. Fletcher (page 11-12).

> The instruction will be given.

Limiting instructions on drugs and forearms not charged in the indictment.

> The concern with respect to the 9 mm firearm is adequately addressed by the verdict slip which specifies the firearms at issue. I have added a limiting instruction with respect to the April 2, 2015 controlled buy (page 17) and inserted language specifying April 3, 2015 as the date on which the drugs charged were allegedly possessed.

An instruction that a mere accidental touching of a firearm does not constitute possession.

> While this is true insofar as it goes, there is no evidence that would support such an instruction.

An instruction on the import of an imperfect police investigation.

> While this is fair ground on which to erect a defense in final argument, the giving of any such instruction is a matter for the court's discretion, which I decline to exercise under the circumstances.

An instruction on the import of Mrs. Fletcher's invocation of the Fifth Amendment.

> As an assertion of the right to remain silent does not permit an inference of guilt or innocence in the context of a criminal case, such an instruction will not be given. See *United States v. Kinchen*, 729 F.3d 466, 475 (5th Cir. 2013) (a defendant has no right to benefit from any inference the jury might draw simply from a witness's invocation of the privilege); *United States v. Chapman*, 866 F.2d 1326, 1333 (11th Cir. 1989) (same, claim of spousal privilege); *United States v. Griffin*, 66 F.3d 68, 71 (5th Cir. 1995) (same, assertion of an invalid claim of privilege).

A modification of the verdict slip to require a jury finding as to the weight of the drugs at issue.

> Unlike the firearms and ammunition, drug weights are not alleged in the indictment. Therefore the requested modification of the verdict slip will not be made. (The government is correct that it need only prove that a

perceptible amount of drugs was involved to sustain its burden of proof on this element).

## **The Forfeiture Count**

In fairness to the jury, I believe this should be explained up front to permit a seamless deliberation. I have revised the jury instructions accordingly, and will allow an additional ten minutes of time for each counsel to address the issue in closing argument. (The government may allocate this task to co-counsel).

## **Caveat**

As I want to have this memorandum and the related jury instructions to counsel with sufficient time to review before tomorrow's charging conference, I have not proof read the instructions. Any changes I might make in the interim will be to matters of form and not substance.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE