UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 15-10393-RGS

UNITED STATES OF AMERICA

v.

TIMOTHY FLETCHER

MEMORANDUM AND INDICATIVE ORDER ON
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

February 18, 2022

STEARNS, D.J.

The authority of a trial court to reduce the sentence of a committed prisoner, unlike in the case of a pretrial detainee, is tightly circumscribed. A sentence once imposed may not be modified except to the extent permitted by Rule 35 of the Federal Rules of Criminal Procedure. *See* 18 U.S.C. § 3582(c). However, there is an exception enacted by Congress that took effect on December 21, 2018. Under 18 U.S.C. § 3582(c)(1)(A), a district court, on a motion by the Director of the Bureau of Prisons (BOP), or by a defendant who has exhausted his administrative remedies,[1] may order a compassionate

---

[1] The government does not contest the fact that Fletcher has met the exhaustion requirement. The court is aware that Fletcher's case is on active appeal and that, as a result, it is divested of jurisdiction to act on the motion

release or reduction of his sentence: (1) on a finding of "extraordinary and compelling reasons" warranting such a reduction; or (2) on findings that apply to elderly long-term inmates suffering from terminal or self-debilitating illnesses and who, as a result, are no longer deemed a danger to the safety of any person or the community. Petitioner Timothy Fletcher, who is 40 years old and does not suffer from a terminal or self-debilitating illness, does not fall within the latter category of eligible inmates. To qualify under the first category, Fletcher bears the burden of showing not only an extraordinary and compelling reason for a sentence reduction but also that the reduction is consistent with applicable the policy statements issued by the Sentencing Commission.[2] Finally, the court is to weigh whether the sentencing factors set out in 18 U.S.C. § 3553(a) support a reduction of sentence.[3]

---

without a remand from the Court of Appeals. The court is authorized, however, to issue an indicative ruling stating how it would resolve the motion if the case were to be remanded. *See United States v. Maldonado-Rios*, 790 F.3d 62, 64-65 (1st Cir. 2015).

[2] The First Circuit interprets this stricture (as have other Circuits) to provide direction to district courts but not to constrain their exercise of discretion in adjudicating prisoner-initiated motions. *United States v. Ruvalcaba*, 2022 WL 468925, at *1, *7 (1st Cir. Feb. 15, 2022).

[3] The court is separately directed to make the additional determination that the defendant's relief will not pose a danger to community safety. 18 U.S.C. § 3582(c)(1)(A)(ii).

After a jury convicted Fletcher of one count of possessing a firearm, one count of distributing cocaine, and one count of distributing cocaine base, the court on January 22, 2020, sentenced him to 168-months imprisonment followed by three years of supervised release.  The sentence represented an upward departure from the recommended sentencing guidelines range of 110-137 months.  The court based the upward departure on Fletcher's lengthy, and in the court's estimation, underweighted criminal record.[4]  His projected release date from custody is April 17, 2027. He is currently confined at FCI Schuylkill, a medium security prison in Minersville, Pennsylvania.

In his motion, Fletcher asks that his committed sentence be reduced to to a time within the original 110-137 months guidelines range.  The gravamen of Fletcher's complaint is that prisons, including FCI Schuylkill, like other congregate settings, are prone to outbreaks of COVID-19, and that prison life in general, particularly given the lockdown measures taken by prison authorities to prevent the spread of the disease, is unpleasant, and at times harsh.  While these complaints are fully comprehensible, they are not among the conditions that courts (and there are many) reviewing compassionate

---

[4] Whether the upward departure was justified is not an issue to be litigated by way of a Compassionate Release motion.

3

release motions have found to be "extraordinary and compelling." Fletcher also argues that the court should give weight to the fact that he has come to "recognize[] that he needs to change." Def.'s Mem. at 4, and is making efforts "on his own to improve his live. *Id.* at 8. While any commitment by a prisoner to rehabilitate himself is to be commended, Congress has specifically directed the Sentencing Commission in promulgating policy statements under section 3582(c)(1)(A) that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for a sentence reduction. 28 U.S.C. §994(t). *See also Ruvalcaba*, 2022 WL 468925, at *9.[5]

Finally, I agree with the government that Fletcher – based on his crimes of conviction, his lengthy record of repeated crimes of violence, and his horrendous disciplinary record while incarcerated – represents a real danger to the safety of the community if he is released now or in the immediate future. As I have observed before, unless society is to make the decision that all prisoners should be released because of the pandemic, there must be a means of differentiating those eligible for release or reduction of

---

[5] Congress, in addition to the quantitative criteria set out in § 3582(c)(1)(A)(ii), directs courts to those set out in the Bail Reform Act and the policy statements of the United States Sentencing Commission. *See* 18 U.S.C. § 3582(c)(2).

4

sentence from those who are not. In setting the conditions that justify compassionate release or a reduction of sentence, Congress made its best effort to provide judges with the tools they need to make these difficult and, at times, conscience-wrenching decisions. Because Fletcher does not meet any of the mandated eligibility criteria, he is not a candidate for compassionate release now or in the foreseeable future.

## ORDER

For the foregoing reasons, the court indicates that if the case were remanded by the Court of Appeals, Fletcher's Motion for Reduction of Sentence would be DENIED.

SO ORDERED.

/s/ Richard G Stearns
UNITED STATES DISTRICT JUDGE